## Tourison's Estate

*Richard Hay Woolsey,* of *Woolsey, Phillips & Phillips,* for exceptant.
*Elton J. Buckley,* contra.

VAN DUSEN, J., November 16, 1934.—The church which the testator attended, including the organ, was destroyed by fire. From his will, testator seems to have been interested in organ building and organ music. He conducted the negotiations for the purchase of a new organ and selected it, and the same was duly installed in the new church. In that connection, the testator executed the following papers:

THE UNMATURED PAYMENTS OF THIS PLEDGE MAY BE CANCELLED UPON DEATH OR REMOVAL OF DONOR.

"SECOND BAPTIST CHURCH OF GERMANTOWN
PHILADELPHIA, PA.

$10,000                                                            March 15, 1930.

In consideration of the gifts of others, and the efforts of the Second Baptist Church of Germantown, to secure funds to rebuild its edifice, I hereby agree to pay said church or order, the sum of $ . . . . . . . . *per month for fifty months, beginning April 1, 1930, and a cash payment to apply on this pledge of $ . . . . . . . . on March 16, 1930, making a total sum of* $10,000 payable on or before *July 1, 1934* 37.                                Sarah C. Tourison.

Cash herewith $ . . . . . . . . .     Name     and Edward R. Tourison, Jr.
Subject to conditions
on reverse side                         Address 17 Carpenter Lane
I prefer to pay, not monthly, but as convenient."

NOTE.—Words above in italics had a line through them.

On the reverse side there appears the following:

"The amount of the pledge is to be applied upon the organ as a memorial to Edward R. Tourison and Charles Edward Tourison, upon the condition that the $5,000 already paid upon the former organ, to be returned by the insurance company be added to this gift.

"It is the further intention of the donor, to provide a four-manual organ, and to provide for the additional cost above $15,000 up to $20,000, but no time limit to be placed upon the date of completion of the Memorial Organ."

THE UNMATURED PAYMENTS OF THIS PLEDGE MAY BE CANCELLED UPON DEATH OR REMOVAL OF DONOR.

"SECOND BAPTIST CHURCH OF GERMANTOWN
PHILADELPHIA, PA.

$4,000                                                    *March 15, 1930.*

In consideration of the gifts of others, and the efforts of the Second Baptist Church of Germantown, to secure funds to rebuild its edifice, I hereby agree to pay said church or order, the sum of $ ...... *per month for fifty months, beginning April 1, 1930, and a cash payment to apply on this pledge of $ ...... on March 16, 1930, making a total sum of* $4,000 payable on or before *July 1, 1934,* July 1, 1936

Cash herewith $ ....... Name   Edward R. Tourison, Jr.,
                                        Address 17 Carpenter Lane

I prefer to pay, not monthly, but as convenient
     (The above to apply to additional organ contract, etc.)".

NOTE.—Words above in italics had a line through them.

The cost of the organ was $26,600, of which $20,500 has been paid, including the application of the $5,000 insurance money to such liability. The church claims the whole $14,000 subscribed by the testator.

After the testator's death, his executors gave notice of cancellation of these subscriptions, claiming the right to do so under the language in the margin. For this reason, the auditing judge rejected the claim.

The subscriptions were made on printed blanks, from which certain words were eliminated as indicated above. It is argued on behalf of the claimant that the words in the margin giving a right to cancel "unmatured payments" were intended to apply to the monthly payment plan set forth in that portion of the printed blank which was stricken out, and that they do not apply to a promise to pay a lump sum on or before a certain date; and that this is particularly so in view of the circumstances attending the subscription. The due date of this promise was very far in the future, long after the obligation of the church for the organ would be incurred. Testator indicated an intention to pay in instalments, for he took advantage of that portion of the printed blank which read "I prefer to pay, not monthly, but" and added the words "as convenient". We must give effect to all the language that we can, and we think the fair effect of it all is that the testator reserved the right to cancel at his death so much of his subscription as he had not theretofore found it convenient to pay. That is to say, it was contemplated that there would be payments from time to time, though not on the regular monthly plan, and therefore there would be "unmatured payments" if testator died before the remote due date.

Testator's will contained a reference to the pledge as follows:

"At my Mother's death, I bequeath the following to the Trustees of the Second Baptist Church of Germantown.

"(a) Sufficient Funds to complete payment of pledge to the Rebuilding Fund Together with interest paid to the W. W. Kimball Co."

He died within 30 days from the time of making his will, so that as a bequest of money this is void. It is argued for the claimant that it is still good, however, as a limitation upon the power of his executors to cancel the subscription, and that as such it is not "estate, real or personal, . . . . . . . bequeathed . . . . . . . in trust for religious or charitable uses." The estate bequeathed for religious uses need not be money or tangible property. It may be the release of a debt, or (to meet the thought of the exceptant) a limitation on the power of executors which confers a benefit on the legatee. The release of a right of cancellation is in this case a valuable thing, and the bequest of it within 30 days for religious uses is void.

We note that as the present matter stands the personal estate is insolvent, and distribution must be only to creditors. We do not think that a testator can give a beneficiary of his will the status of a creditor, even in this indirect way. Moreover, whatever we call this provision, it is subject to the life estate of testator's mother, and cannot be paid at this time to her prejudice.

The exceptions are dismissed, and the adjudication is confirmed absolutely.